IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

| | | |
|---|---|---|
| A.C. FRYER, an individual; | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | 2:06 CV 877-MEF |
| | ) | |
| MERCK & CO., INC., a New Jersey | ) | |
| Corporation; PFIZER INC., a Delaware | ) | |
| Corporation; PHARMACIA & UPJOHN | ) | |
| COMPANY, a Delaware company; | ) | |
| PHARMACIA CORPORATION, f/k/a | ) | |
| 1933 MONSANTO, a Delaware | ) | |
| corporation; G.D. SEARLE, LLC., a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF ANSWERING DEFENDANTS
## TO PLAINTIFF'S COMPLAINT

Defendants Pfizer Inc. ("Pfizer"), Pharmacia & Upjohn Company LLC ("Upjohn")(improperly captioned in Plaintiffs' Complaint as "Pharmacia & Upjohn Company"), Pharmacia Corporation ("Pharmacia") and G.D. Searle LLC ("Searle")( improperly captioned in Plaintiffs Complaint as "G.D. Searle, LLC),(collectively the "Answering Defendants") hereby answer Plaintiff's Complaint in this action and state as follows:

## PRELIMINARY STATEMENT

The Complaint does not state when Plaintiff was prescribed or used Celebrex® and, as such, this Answer can only be drafted generally and without reference to a specific period in time. Answering Defendants reserve the right to amend this Answer if or when discovery reveals the time period in which the Plaintiff was prescribed and used Celebrex®.

To the extent any allegations in Plaintiff's Complaint refer to Vioxx® and/or Merck & Co., Inc. ("Merck"), such allegations are not directed to Answering Defendants and no answer is required of Answering Defendants. To the extent an answer is deemed required, Answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations and therefore deny the same.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiff's Complaint.

## ANSWERING:
## JURISDICTION

Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in sentence 1, and therefore deny the same. As to sentence 2, the allegations are not directed towards Answering Defendants, and therefore, no responsive pleading is

required. Answering Defendants admit that Pfizer is a pharmaceutical company incorporated under the law of the State of Delaware, but deny that Pfizer's principal place of business is in Delaware. Answering Defendants admit that Upjohn is a pharmaceutical company incorporated under the laws of the State of Delaware, but deny that Upjohn's principal place of business is in Delaware. Answering Defendants admit that Pharmacia is a pharmaceutical company incorporated under the laws of Delaware, but deny that that Pharmacia's principal place of business is in Delaware. Answering Defendants admit that Searle is a pharmaceutical company incorporated under the laws of the State of Delaware, but deny that Searle's principal place of business is in Delaware. Answering Defendants admit that Plaintiff has put greater than $75,000 at issue, but Answering Defendants deny that there is any legal or factual basis for such relief. Answering Defendants admit the remaining allegations contained in this Paragraph.

## ANSWERING:
## STATEMENT OF THE PARTIES

1.    Answering Paragraph 1, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegation contained in Paragraph 1, and therefore deny the same.

2.    Paragraph 2 makes no allegations against Answering Defendants; accordingly, no answer is required.

3.      Answering Paragraph 3, Answering Defendants admit that
Pfizer is a Delaware corporation with its principal place of business in New
York and is registered to do business in Alabama.  Answering Defendants
admit that, during certain period(s) of time, Pfizer co-promoted and
marketed the prescription drug Celebrex® in the United States for the
indications set forth in the FDA-approved package inserts and as permitted
by law.    Except as admitted herein, Answering Defendants deny the
allegations of Paragraph 3.

4.      Answering Paragraph 4, Defendants admit that Pharmacia &
Upjohn Company LLC is a limited liability company whose sole member is
Pharmacia & Upjohn LLC, which is a limited liability company whose sole
member is Pharmacia Corporation, which is a corporation existing under the
laws of the State of Delaware with its principal place of business in the State
of New Jersey.  Except as admitted herein, Defendants deny the allegations
of Paragraph 4.

5.      Answering Paragraph 5, Answering Defendants admit that
Pharmacia is a corporation existing under the laws of the State of Delaware
with its principal place of business in the State of New Jersey, and is
registered to do business in Alabama.  Answering Defendants admit that,
during certain period(s) of time, Pfizer co-promoted and marketed the

4

prescription drug Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Except as admitted herein, Answering Defendants deny the allegations of Paragraph 5.

6.      Answering Paragraph 6, Answering Defendants admit that Searle is a wholly-owned subsidiary of Pharmacia Corporation, which is in turn a wholly-owned subsidiary of Pfizer. Searle is a Delaware limited liability company with its principal place of business in Illinois and that it is registered to do business in Alabama. Answering Defendants admit that, during certain period(s) of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

7.      Answering Paragraph 7 as it relates to Answering Defendants, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in sentence 1, and therefore deny the same. As to sentence 2, the allegations are not directed towards Answering Defendants, and therefore, no responsive pleading is required.

As to sentence 3, Answering Defendants state that Celebrex® is a selective COX-2 inhibitor. Answering Defendants state that, during certain period(s) of time, Pfizer co-promoted and marketed the prescription drug Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Except as admitted herein, Defendants deny the allegations of Paragraph 7 that relate to Answering Defendants. The allegations relating to Vioxx® and/or Merck are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

8.    Answering Paragraph 8 as it relates to Answering Defendants, Answering Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States. Answering Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States. Answering Defendants deny prescribing Celebrex® to consumers as no named defendant is a licensed physician. Answering Defendants incorporate their responses to Paragraphs 3-7. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive

pleading is required.  Except as admitted herein, Answering Defendants deny the allegations of Paragraph 8 that relate to Answering Defendants.

9.    Answering Paragraph 9 as it relates to Answering Defendants, Answering Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States.  Answering Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States. Except as admitted herein, Answering Defendants deny the allegations of Paragraph 9 that relate to Answering Defendants.  The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

10.    Answering Paragraph 10, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.  The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

11.    Answering Paragraph 11, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.  The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

12.    Answering Paragraph 12, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.

13.    Answering Paragraph 13, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.

14.    Answering Paragraph 14, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

15.    Answering Paragraph 15, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

**ANSWERING:**
**COUNT I:**
**<u>NELIGENCE</u>**

21.    Answering Paragraph 21, Answering Defendants incorporate their responses to Paragraph 1-15 as if set forth fully herein.

8

16.    Answering Paragraph 16, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

23.    Answering Paragraph 23 as it relates to Answering Defendants, Answering Defendants state that this Paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Answering Defendants admit that they have such duties as are imposed by applicable law. Except as stated herein, Answering Defendants deny the allegations contained in Paragraph 23 that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

24.    Answering Paragraph 24 as it relates to Answering Defendants, inclusive of any subpart thereto, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

25.   Answering Paragraph 25 as it relates to Answering Defendants, Answering Defendants state that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.   The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

26.   Answering Paragraph 26 as it relates to Answering Defendants, Answering Defendants admit that they have such duties as are imposed by applicable law.   Except as stated herein, Answering Defendants deny the allegations contained in Paragraph 26 that are related to Answering Defendants.   The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

## ANSWERING:
## COUNT II:
## NEGLIGENT FAILURE TO WARN

27.   Answering Paragraph 27, Answering Defendants incorporate their responses to Paragraph 1-26 as if set forth fully herein.

28.   Answering Paragraph 28, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. Defendants state that the potential effects of Celebrex® were and are

adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

29. Answering Paragraph 29, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

30. Answering Paragraph 30, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

31. Answering Paragraph 31 as it relates to Answering Defendants, inclusive of any subpart thereto, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

## ANSWERING:
## COUNT III
## MISREPRESENTATION AND SUPPRESSION

32.    Answering Paragraph 32, Answering Defendants incorporate their responses to Paragraph 1-31 as if set forth fully herein.

33.    Answering Paragraph 33, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

34.    Answering Paragraph 34 as it relates to Answering Defendants, inclusive of any subpart thereto, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.  The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

35.    Answering Paragraph 35 as it relates to Answering Defendants, inclusive of any subpart thereto, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.  The allegations

relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

36.    Answering Paragraph 36 as it relates to Answering Defendants, inclusive of any subpart thereto, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.  The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

37.    Answering Paragraph 37 as it relates to Answering Defendants, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein regarding Plaintiff's knowledge and therefore deny the same.   Except as admitted herein, Answering Defendants deny the allegations contained in Paragraph 37 that are related to Answering Defendants.   The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

38.    Answering Paragraph 38 as it relates to Answering Defendants, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegation contained therein regarding Plaintiff's reliance and therefore deny the same.  Except as admitted herein, Answering Defendants deny the allegations contained in Paragraph 38 that are related to

Answering Defendants. The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

39. Answering Paragraph 39 as it relates to Answering Defendants, Answering Defendants state that this Paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Answering Defendants admit that they have such duties as are imposed by applicable law. Except as stated herein, Answering Defendants deny the allegations contained in Paragraph 39 that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

40. Answering Paragraph 40 as it relates to Answering Defendants, Answering Defendants state that this Paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein and therefore deny the same. Except as stated herein, Answering Defendants deny the allegations contained in Paragraph 40 that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

41.    Answering Paragraph 41 as it relates to Answering Defendants, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein regarding reliance by health care professionals and consumers and therefore deny the same. Except as stated herein, Answering Defendants deny the allegations contained in Paragraph 41 that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

42.    Answering Paragraph 42, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

**ANSWERING:**
**COUNT IV:**
**BREACH OF WARRANTY**

43.    Answering Paragraph 43, Answering Defendants incorporate their responses to Paragraphs 1-42 as if set forth fully herein.

44.    Answering Paragraph 44 as it relates to Answering Defendants, Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with their FDA-approved prescribing information. Except as admitted herein, Answering Defendants deny the allegations

contained in Paragraph 44 that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

40.    Answering Paragraph 40 as it relates to Answering Defendants, Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with their FDA-approved prescribing information. Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein regarding plaintiff's knowledge and therefore deny the same. Except as admitted herein, Answering Defendants deny the allegations contained in Paragraph 40 that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

41.    Answering Paragraph 41, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

42.    Answering Paragraph 42, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The

allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

43. Answering Paragraph 43, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

## ANSWERING:
## COUNT V:
## BREACH OF EXPRESS WARRANTY

44. Answering Paragraph 44, Answering Defendants incorporate their responses to Paragraphs 1-43 as if set forth fully herein.

45. Answering Paragraph 45 as it relates to Answering Defendants, Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with their FDA-approved prescribing information. Except as admitted herein, Answering Defendants deny the allegations contained in Paragraph 45 that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

46. Answering Paragraph 46 as it relates to Answering Defendants, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein regarding reliance

and therefore deny the same. Except as stated herein, Answering Defendants deny the allegations contained in Paragraph 46 that are related to Answering Defendants. The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

47. Answering Paragraph 47 as it relates to Answering Defendants, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

**ANSWERING:
COUNT VI:
FRAUD**

48. Answering Paragraph 48, Answering Defendants incorporate their responses to Paragraphs 1-47 as if set forth fully herein.

49. Answering Paragraph 49 as it relates to Answering Defendants, Answering Defendants deny the allegations contained therein that are related to Answering Defendants. The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

50.     Answering Paragraph 50 as it relates to Answering Defendants, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.  The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

51.     Answering Paragraph 51 as it relates to Answering Defendants, Answering Defendants state that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Answering Defendants admit that they have such duties as are imposed by applicable law.  Except as stated herein, Answering Defendants deny the allegations contained in Paragraph 51 that are related to Answering Defendants.  The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

**ANSWER:**
**COUNT VII:**
**ALABAMA EXTENDED MANUFACTURER'S LIABILITY**
**DOCTRINE**
**(AEMLD)**

52.     Answering Paragraph 52, Answering Defendants incorporate their responses to Paragraphs 1-51 as if set forth fully herein.

53.     Answering Paragraph 53 as it relates to Answering Defendants, Answering Defendants state that this Paragraph contains legal conclusions to which no response is requires.    To the extent a response is required, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein regarding Plaintiff's alleged use of Celebrex® and therefore deny the same.    Answering Defendants incorporate their response to Paragraphs 3-7. Except as admitted herein, Answering Defendants deny the allegations contained in Paragraph 53 that are related to Answering Defendants.   The allegations relating to Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

54.     Answering Paragraph 54 as it relates to Answering Defendants, Answering Defendants deny the allegations contained therein that are related to Answering Defendants.  The allegations relating to Merck and/or Vioxx® are not directed towards Answering Defendants, and, therefore, no responsive pleading is required.

## ANSWERING:
## DEMAND FOR RELIEF

Answering Defendants deny that the Plaintiff is entitled to the relief demanded in the unnumbered WHEREFORE clause and its subparts.

## DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Answering Defendants in this matter. Answering Defendants therefore assert the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Answering Defendants will withdraw any of theses defenses as may be appropriate. Answering Defendants also intend to rely upon such other affirmative defenses as may become available or apparent during the course of investigation, discovery, or trial, and reserve the right to amend the Answer to assert such other defenses to which they may be entitled.

1.     Plaintiff's Complaint fails to state a claim against Answering Defendants upon which relief can be granted.

2.     Plaintiff's claims are barred by the applicable statute of limitations and/or repose or by the equitable doctrines of laches, waiver and estoppel.

3.     Plaintiff's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of Plaintiff, third persons or parties over whom Answering Defendants had no control or right to control and whose actions are not, therefore, imputable to Answering Defendants.

4.    Answering Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff herein.    Additionally, as a manufacturer and not a seller, Answering Defendants are not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between Plaintiff and Answering Defendants.  If any such warranties were made, whether express or implied, which Answering Defendants specifically deny, then Plaintiff has failed to give timely notice of any breach thereof as required under Ala. Code § 7-2-607.

5.    Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff or those acting at the direction or control of Plaintiff, whose contributory negligence or fault is sufficient to bar any recovery by Plaintiff.

6.    Plaintiff's injuries, if any, were due to an unforeseeable idiosyncratic reaction of Plaintiff, or by an unforeseeable disease or illness, unavoidable accident, or pre-existing and/or unrelated conditions, or natural courses of conditions of Plaintiff, and were independent of any conduct by Answering Defendants.

7.    Plaintiff failed to exercise reasonable care and diligence to mitigate injuries and damages, if any.

8.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and fall within the ambit of Restatement (second) of Torts § 402A, Comment k.

9.    Celebrex® is safe when used as directed, is suitable for the purpose for which it was intended, was distributed with adequate and sufficient warnings and Answering Defendants reasonably assumed that its' warnings would be read and heeded; therefore, Celebrex® was not defective or unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

10.    As a prescription pharmaceutical, Celebrex® falls within the ambit of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration.    Accordingly, Plaintiff's claims have been preempted under the Supremacy Clause of the U.S. Constitution.

11.    Celebrex® and Answering Defendants' actions, conformed to the state-of-the-art of medical and scientific knowledge at all times relevant to this lawsuit and Celebrex® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

12.    Plaintiff's claims are barred by assumption of the risk.

13.    Plaintiff's claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of the Restatement (Third) of Torts: Product Liability § 6, comment f.

14.    Plaintiff's claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

15.    The imposition of punitive damages pursuant to current Alabama law violates the Due Process and Equal Protection provisions of U.S. Const. Amend. XIV; to wit, these Answering Defendants have not been given fair notice of the standard of conduct which could subject them to a claim for punitive damages, and have not been given fair notice of the amount of punitive damages that may accompany a finding of liability. Alabama's current laws regarding punitive damages do not serve a rational or legitimate state interest.

16.    Plaintiff's claims for punitive damages violate these Answering Defendants' rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment of the Constitution of the United States of America and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

17.    Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court

including, but not limited to: *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Further, Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages, which arise under the Constitution of Alabama, Alabama state statutes, and the decisions of Alabama state courts.

18.   The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available and reliable state of the knowledge at the time the product was marketed.

19.   Plaintiff's claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

20.   If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct or negligence of persons other than Answering Defendants, and for whose conduct Answering

Defendants are not responsible, or with whom Answering Defendants have no legal relation or legal duty to control. Therefore, Plaintiff's recovery against Answering Defendants, if any, should be reduced by the proportion of the conduct or negligence of persons or entities other than Answering Defendant which proximately caused or contributed to the alleged injuries, losses or damages.

21.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handing, or other unforeseeable misuse of        Celebrex®        by        persons        other        than Answering Defendants or persons acting on their behalf.

22.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

23.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Answering Defendants' rights under the United States Constitution.

24.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Answering Defendants' conduct.

25.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Celebrex® complied with applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

26.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® was not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

27.    Plaintiff's claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

28.    Plaintiff's claims asserted in the Complaint are barred because the utility of Celebrex® outweighed their respective risks.

29.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

30.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

31.    The liability of Answering Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined. Answering Defendants seek an adjudication of the percentage of fault of the claimant *and* each *and* every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

32.    Answering Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

33.    Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 et. seq., the regulations promulgated there under, and the United States Constitution, Article N, Clause 2.

34.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug and Cosmetic Act.

35.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of

administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

36.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"). 21 U.S.C. §301 et seq., and regulations promulgated there under, and Plaintiff's claims conflict with FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, Clause 2, and laws of the United States.

37.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Answering Defendants and over whom Answering Defendants had no control and for whom Answering Defendants may not be held accountable.

38.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

39.    This Court lacks personal jurisdiction over Answering Defendants.

40.    Plaintiff failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Answering Defendants in any possible future litigation.

41.    Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and an undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

42.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Answering Defendants, no act or omission was oppressive, fraudulent, or malicious, and therefore, any award of punitive damages is barred.

43.    Plaintiff's claims are barred in while or in part because all acts or omissions by Answering Defendants (or their agents or representatives) were privileged or justified and any claim based thereon is barred.

### JURY DEMAND

Answering Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Answering Defendants respectfully request that this action be dismissed with prejudice and that they be awarded their costs and any other forms of relief to which they may be entitled.

Respectfully submitted this __23rd__ day of __October__,

2006.

Lawrence B. Clark
M. Jason Asbell
Attorneys for G.D. Searle,
LLC,
Pharmacia Corporation and
Pfizer, Inc.


OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower, Suite 1600
420 20th Street North
Birmingham, Alabama 35203
(205) 328-0480
(205) 322-8007

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing was filed via CM/ECF system, hand-delivery or U.S. mail, postage pre-paid, on this _____23ʳᵈ_____ day of _____October_____, 2006, to the following counsel of record:

Tom Dutton
PITTMAN, HOODS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(202) 328-2711 Facsimile
tomd@pittmanhooks.com

_____
OF COUNSEL