## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NOTHERN DIVISION

| | | |
|---|---|---|
| A.C. FRYER, an individual; | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** |
| | ) | **2:06 CV 877-MEF** |
| MERCK & CO., INC., a New Jersey | ) | |
| Corporation; PFIZER INC., a Delaware | ) | |
| Corporation; PHARMACIA & UPJOHN | ) | |
| COMPANY, a Delaware company; | ) | |
| PHARMACIA CORPORATION, f/k/a | ) | |
| 1933 MONSANTO, a Delaware | ) | |
| corporation; G.D. SEARLE, LLC., a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' UNOPPOSED MOTION FOR STAY OF ALL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION PROCEEDINGS

Defendants Pfizer Inc. ("Pfizer"), Pharmacia & Upjohn Company LLC ("Upjohn") (improperly captioned in Plaintiffs' Complaint as "Pharmacia & Upjohn Company"), Pharmacia Corporation ("Pharmacia") and G.D. Searle LLC ("Searle") (improperly captioned in Plaintiffs Complaint as "G.D. Searle, LLC), (collectively the "Defendants"), respectfully move the Court to stay all proceedings in this case pending the transfer of this case to the United States District Court for the Northern District of California for consolidated and coordinated pretrial proceedings

as part of *In re Bextra and Celebrex Marketing, Sales Practices and Products liability Litigation*, MDL-1699.    Counsel for Plaintiff has consented to this motion.

## INTRODUCTION

This case is one of numerous actions filed nationwide asserting products liability or marketing/sales practices claims against Defendants with respect to the prescription medication Celebrex®.  On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for such Celebrex® actions. See *In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, No. 1691 *et al.*, 2005 WL 2206577, at *1-*2 (J.P.M.L. Sept. 6, 2005) (Exh. A).  The JPML's order not only immediately transferred 31 pending federal cases to the MDL court, but also recognized that the JPML had already "been notified of more than 100 potentially related actions pending in multiple federal districts," and stated that such additional actions would be treated as potentially "tag-along actions."  *Id.* at *1 n. 1.  Shortly, Defendants will include this case in a "tag-along" letter to the JPML.  This case is expected to become a "tag-along" action transferable to MDL-1699 pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of JPML. *See Rules*

*of Procedure of the Judicial Panel on Multidistrict Litig.*, 199 F.R.D. 425 (J.P.M.L. 2001). Accordingly, to conserve judicial resources and prevent inconsistent pretrial orders, Defendants request that this Court stay all proceedings in this case pending MDL transfer. This request will not result in any prejudice to Plaintiffs, but will work "to the overall benefit of the parties" and the federal judiciary. *See* 2005 WL 2206577, at *1 (Discussing the efficiencies occasioned by the creation of MDL 1699). Indeed, counsel for the Plaintiff has consented to this motion.

## **ARGUMENT**

The proceedings in this case should be stayed pending transfer to MDL-1699. Section 1407(a) of Title 28 of the United States Code provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The JPML consistently has recognized that the primary purpose of consolidating such cases is to conserve judicial and party resources, avoid duplicate discovery, prevent inconsistent pretrial rulings, and avoid conflicting scheduling requirements. *See, e.g., In re Acacia Media Techs. Corp. Patent Litig.*, 360 F.Supp.2d 1377, 1379 (J.P.M.L. 2006).

3

Given these considerations, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998) (citing cases). Similar stays have been granted in Celebrex® and Bextra® cases. *See Gordon v. Pfizer Inc., No. CV-06-RRA-703-E*, (N.D. Ala. May 10, 2006)(Armstrong, R); *William Randolph Hall, Sr. v. Pfizer, Inc.*, No. 2:05-CV-941-F (M.D. Ala. Nov. 21, 2005) (McPherson, J.); *Ann Beverly v. Pfizer, Inc., et al.*, CV-05-0542-M (S.D. Ala. Nov. 17, 2005) (Milling, J.); *Katie Thomas v. Pfizer, Inc., et al.*, CV-05-824-F (S.D. Ala. Nov. 15, 2005) (Fuller, J.); *Rosa M. Nelson v. Pfizer, Inc., et al.,* CV-05-832-F (S.D. Ala. Oct. 20, 2005) (Fuller, J.); *McFarland, et al. v. Pharmacia Corporation, et al.*, 2:03-CV-00247-KS-JMR (S.D. Miss. Oct. 25 2005) (Roper, J.); *Carol Snowbarger v. Monsanto Company, et al.*, No. 4:05-CV-1160 (E.D. Mo. Oct. 27, 2005) (Webber, J.); *Frances D. Bangs v. Pharmacia Corp. et al.*, No. 4:05-CV-1604 (CEJ) (E.D. Mo. Oct. 26, 2005) (Jackson, J.); *Charles Brunn v. Monsanto Company, et al*, No. 4:05-CV-1644 (CAS) (E.D. Mo. Oct. 24, 2005) (Shaw, J.); *Alberta Cox v. Pfizer, Inc., et al.*, No. 4:05-CV-1620 (CAS) (same) (Exh. B).

Here as well, as the JPML explained in creating MDL-1699, "centralization under Section 1407 is necessary in order to eliminate

duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, 2005 WL 2206577, at*1 (concluding that the creating of MDL-1699 "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"). The JPML further noted that MDL-1699 will enable a single federal judge to coordinate discovery and "ensure[] the pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Id.*, 2005 WL 2206577, at *1; *see also Id.* ("We are confident in the [MDL] judge's ability to streamline pretrial proceedings in these actions while concomitantly directing the appropriate resolution of all claims,"); *Id.* (stating the MDL judge possesses the "time and experience" to "prudent[ly]" resolve this litigation). Permitting pretrial proceedings to proceed in this case despite its impending transfer to MDL-1699 would invite the very problems that MDL proceeding is designed to avoid:   duplication of discovery and pretrial orders, inconsistent pretrial rulings, and the inefficient use of judicial and private resources. *See Id.; see also In re Acacia,* 360 F.Supp.2d at 1379.

Thus, staying all proceedings in this case pending MDL transfer would promote the uniformity of decisions and conservation of the parties' and federal courts' limited resources. *See* 2005 WL 2206577, at *1 (discussing the benefits of MDL-1699, including eliminating duplicate discovery, avoiding inconsistent rulings, conserving resources, and streamlining resolution of overlapping issues).

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court stay all proceedings in this case pending transfer to the MDL-1699. A proposed order is attached hereto as Exhibit C.

Respectfully submitted this 23[th] day of October, 2006.

_____
Lawrence B. Clark
M. Jason Asbell
Attorneys for G.D. Searle, LLC,
Pharmacia Corporation and
Pfizer, Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower, Suite 1600
420 20th Street North
Birmingham, Alabama 35203
(205) 328-0480
(205) 322-8007

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing was filed via CM/ECF system on this _____ day of _October_____, 2006, to the following counsel of record:

Leila H. Watson, Esq.
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Ave.
Birmingham AL, 35205

OF COUNSEL

FILED

2006 Jun-02  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 6 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NOS. 1691, 1693, 1694 & 1699*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE BEXTRA AND CELEBREX PRODUCTS LIABILITY LITIGATION

## IN RE BEXTRA MARKETING AND SALES PRACTICES LITIGATION

## IN RE CELEBREX MARKETING AND SALES PRACTICES LITIGATION

## IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## TRANSFER ORDER

Before the Panel are five motions, pursuant to 28 U.S.C. § 1407, in these four dockets[1] that taken together seek centralization for coordinated or consolidated pretrial proceedings of all, or a subset of, these 31 actions,[2] in various federal districts. The moving MDL-1691 Louisiana plaintiffs seek centralization of the Bextra and Celebrex products liability actions in the Eastern District of Louisiana, while the moving Connecticut plaintiffs seek centralization of these actions in the District of Connecticut. The moving Southern New York MDL-1693 plaintiff seeks centralization of all Bextra and Celebrex actions in the Southern District of New York. The moving MDL-1694 plaintiffs seek separate centralization of the Bextra actions and the Celebrex actions in the District of Massachusetts before different judges. The moving MDL-1699 Louisiana plaintiffs seek centralization of all Bextra and Celebrex actions in the Eastern District of Louisiana. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of California, the District of Delaware, the Southern District of Florida, the District of New Jersey, and the Southern District

---

[*] Judge Motz took no part in the decision of this matter.

[1] At the hearing session in these four dockets, the Panel heard combined oral argument. Accordingly, the overlapping issues raised in these dockets are addressed in this one order.

The Panel has been notified of more than 100 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of these dockets, the additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] One additional action, *James Booker v. Merck & Co., Inc., et al.*, N.D. Texas, C.A. No. 3:05-496, was included on the MDL-1691 and MDL-1699 motions. The Panel's decision regarding inclusion of this action in multidistrict proceedings will be addressed in a separate order.



EXHIBIT

A

- 2 -

of Texas. Defendant Pfizer Inc. (Pfizer) opposes centralization of the products liability actions, but supports centralization of the marketing/sales practices actions. Pfizer suggests coordination of this latter group of actions (and of the products liability actions, if the Panel deems centralization of these actions to be appropriate) with MDL-1688–*In re Pfizer Inc. Securities, Derivative and "ERISA" Litigation* in the Southern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in these four multidistrict dockets involve common questions of fact, and that Section 1407 centralization of all actions as one multidistrict docket (MDL-1699) in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on i) alleged increased health risks from taking Celebrex and/or Bextra, anti-inflammatory prescription medications, and ii) whether Pfizer, as the manufacturer of both medications, knew of these increased risks and failed to disclose them to the medical community and consumers and/or improperly marketed these medications to both of these groups. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Resolution of overlapping issues, concerning these similar prescription medications manufactured by the same company, will be streamlined. *See In re Managed Care Litigation*, 2000 U.S. Dist. LEXIS 15927 (J.P.M.L. Oct. 23, 2000).

Opponents of Section 1407 centralization of all actions in one multidistrict docket argue that the presence of unique questions of fact relating to each drug (Bextra and Celebrex) or to the type of claims asserted (products liability and marketing/sales practices) should produce a different result. These parties urge us, instead, to separately centralize these actions. We are unpersuaded by these arguments. Transfer under Section 1407 has the salutary effect of placing all actions before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Northern District of California before Judge Charles R. Breyer, we are assigning this litigation to a jurist experienced in complex multidistrict litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of California are transferred to the

- 3 -

Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

IT IS FURTHER ORDERED that the actions in MDL-1691, MDL-1693 and MDL-1694 are merged into MDL-1699–*In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation.*

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

__MDL-1699 -- In re Bextra and Celebrex Marketing: Sales Practices and Products Liability Litigation__

### Northern District of Alabama

*Darryl Blue, etc. v. Pfizer, Inc.*, C.A. No. 2:05-464
*Martha Ann Lemond, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:05-691

### District of Arizona

*Dorothy Greaves v. Pfizer, Inc., et al.*, C.A. No. 2:05-647

### Central District of California

*John Bolwell, et al. v. Pfizer, Inc.*, C.A. No. 2:05-1967

### Northern District of California

*June Swan, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:05-834

### District of Connecticut

*Kenneth Kaye, et al. v. Pfizer, Inc.*, C.A. No. 3:05-385
*Irene Bailey, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:05-386

### District of Delaware

*Ronnie L. Hatcher v. Pfizer, Inc., et al.*, C.A. No. 1:05-208

### Northern District of Florida

*Marie McConnell v. Pfizer, Inc.*, C.A. No. 3:05-123

### Southern District of Florida

*Aurora Balloveras v. Pfizer, Inc.*, C.A. No. 1:05-20429

### Eastern District of Louisiana

*Gloria Ward v. Pfizer, Inc.*, C.A. No. 2:04-3469
*Elmer E. Creel, Sr., et al. v. Pfizer, Inc.*, C.A. No. 2:04-3470
*Carol J. Aiola v. Pfizer, Inc.*, C.A. No. 2:05-1207

- A2

*Ronald J. Babin v. Pfizer, Inc.*, C.A. No. 2:05-1208
*Deborah Ann Woodberry v. Pfizer, Inc.*, C.A. No. 2:05-1350
*Terry Bridges v. Pfizer, Inc.*, C.A. No. 2:05-1353
*George Hoffman v. Pfizer, Inc.*, C.A. No. 2:05-1354
*Helen Anne Todini v. Pfizer, Inc.*, C.A. No. 2:05-1367
*Betty A. Alexander, et al. v. Pfizer, Inc.*, C.A. No. 2:05-1720

Middle District of Louisiana

*Ronald W. Abel, etc. v. Pfizer, Inc.*, C.A. No. 3:05-258

Western District of Louisiana

*William Does Turner v. Pfizer, Inc.*, C.A. No. 1:05-619
*Yvonne Clark v. Pfizer, Inc.*, C.A. No. 1:05-620

District of Massachusetts

*Health Care for All, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:05-10707

Eastern District of Michigan

*Linda A. Watters, et al. v. Pfizer, Inc., et al.*, C.A. No. 2:05-71434

District of Minnesota

*Loretta M. Harris v. Pfizer, Inc.*, C.A. No. 0:05-728

Eastern District of New York

*Melissa Kelly, et al. v. Pfizer, Inc.*, C.A. No. 1:05-949

Southern District of New York

*ASEA/AFSCME Local 52 Health Benefits Trust v. Pfizer, Inc., et al.*,
    C.A. No. 1:05-3803
*Steamfitters' Industry Welfare Fund, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:05-3814
*Sheet Metal Workers' International Assn. v. Pfizer, Inc., et al.*, C.A. No. 1:05-4125

Northern District of Ohio

*Theresa Blatnik, et al. v. Pfizer, Inc.*, C.A. No. 1:05-900

- A3 -

<u>Southern District of Texas</u>

*Ronald L. Baker, et al. v. Pfizer, Inc.*, C.A. No. 3:05-206

FILED
2006 Jun-02 PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

2006 May-22 PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| Dr. GENE N. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: |
| v. | ) | |
| | ) | CV-06-RRA-703-E |
| PFIZER INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

In accordance with the memorandum opinion entered contemporaneously herewith, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The motion to remand (doc. 6) is DENIED.

2. The motion to stay (doc. 5) is GRANTED.

3. This matter is stayed pending transfer to multidistrict litigation.

4. Defendant Pollard is DISMISSED, with prejudice.

DONE and ORDERED this 22nd day of May 2006.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM RANDOLPH HALL, SR.,      )
As the Administrator of the Estate of    )
WILLIAM RANDOLPH HALL, JR.,      )
                                 )
        Plaintiff,               )
                                 )
v.                               )       CASE NO. 2:05-cv-941-F
                                 )
PFIZER, INC., *et. al.*,         )
                                 )
        Defendants.              )
                                 )

## ORDER

This cause is before the Court on Defendants' Motion for a Stay of All Proceedings Pending Transfer to Multidistrict Litigation Proceeding (Doc. # 9) filed on 21 October 2005. The Court has considered the arguments in support of and in opposition to this motion. It is hereby ORDERED as follows:

1.  Defendants' Motion for a Stay of All Proceedings Pending Transfer to Multidistrict Litigation Proceeding (Doc. # 9) is GRANTED. This cause is STAYED pending MDL transfer to *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation, MDL-1699.*

2.  A ruling on Plaintiffs' Motion to Remand (Doc. # 7) filed on 7 October 2005 is WITHHELD pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding.

3.  Defendant's Motion for Leave to File Reply (Doc. # 12) is DENIED as

Case 2:05-cv-00941-MEF-VPM    Document 14    Filed 11/21/2005    Page 2 of 2

MOOT.

DONE this 21ST day of November, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANN BEVERLY, etc.,          :

      Plaintiff,          :

                :

vs.          :

                :   CIVIL ACTION 05-0542-M

PFIZER INC., et al.,          :

      Defendants.          :

## ORDER

The Court heard from counsel this date by telephone on the Notice of Parties' Planning Meeting (Doc. 15) and the status of this action. It appears that this action will be transferred as a tag-along action to the Northern District of California within the next several days, to become a part of MDL-1699, *In re Bextra and Cellebrex Marketing, Sales, Practices and Products Liability Litigation*. Therefore, Defendants' Motion for a Stay of All Proceedings Pending Transfer to Multidistrict Litigation Proceeding (Doc. 7) is **GRANTED**.

Plaintiff's Motion for Expedited, Emergency Ruling (Doc. 10) is **MOOT**. Plaintiff's Emergency Motion to Remand and Motion for Sanctions (Doc. 9), with supporting brief (Doc. 11), and Defendants' Reply Brief (Doc. 13) will be considered if and when this action is remanded to this District.

The fictitious parties set out in the complaint are

hereby **STRICKEN** since fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure.  See e.g., Fed.R.Civ.P. 10(a); 28 U.S.C. § 1441(a); Rommell v. Automobile Racing Club of America, Inc., 964 F.2d 1090, 1098 n.14 (11th Cir. 1992); Weeks v. Benton, 649 F.Supp. 1297, 1298 (S.D. Ala. 1986).

Counsel for the parties are to ensure that all future filings contain the correct and proper names of the corporate Defendants as more fully set out in Defendants' Answer (Doc. 2).

DONE this 17th day of November, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KATIE THOMAS,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CASE NO. 2:05-cv-824-F
                                 )
PFIZER, INC., et. al.,           )
                                 )
        Defendants.              )

## ORDER

This cause is before the Court on Defendants' Motion for a Stay of All Proceedings Pending Transfer to Multidistrict Litigation Proceeding (Doc. # 14) filed on September 26, 2005. The Court has considered the arguments in support of and in opposition to this motion. It is hereby ORDERED as follows:

1. Defendants' Motion for a Stay of All Proceedings Pending Transfer to Multidistrict Litigation Proceeding (Doc. # 14) is GRANTED and this case is STAYED pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding.

2. A ruling on Plaintiffs' Motion to Remand (Doc. # 7) filed on September 7, 2005 is WITHHELD pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding.

DONE this 15th day of November, 2005.

                        /s/ Mark E. Fuller
                CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROSE M. NELSON,                            )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )        Case No.: 2:05-cv-832-F
                                           )
PFIZER, INC., *et. al.*,                   )
                                           )
          Defendants.                      )

## ORDER

This cause is before the Court on Defendants' Motion for a Stay of All Proceedings Pending Transfer to Multidistrict Litigation Proceeding (Doc. # 16) filed on September 26, 2005. The Court has considered the arguments in support of and in opposition to this motion. It is hereby ORDERED as follows:

1.    Defendants' Motion for a Stay of All Proceedings Pending Transfer to Multidistrict Litigation Proceeding (Doc. # 16) is GRANTED and this case is STAYED pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding.

2.    A ruling on Plaintiffs' Motion to Remand (Doc. # 8) filed on September 7, 2005 is WITHHELD pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding.

DONE this 20th day of October, 2005.

                              /s/ Mark E. Fuller
                    CHIEF UNITED STATES DISTRICT JUDGE

CM/ECF LIVE - U.S. District Court: Mississippi Southern District

**Orders on Motions**

2:03-cv-00247-KS-JMR McFarland, et al v. Merck & Company, Inc. et al

**RECEIVED**

NOV - 1 2005

### U.S. District Court

### Southern District of Mississippi

Notice of Electronic Filing

The following transaction was received from Regenold, Sheryal entered on 10/25/2005 at 10:56 AM
CDT and filed on 10/25/2005

**Case Name:**     McFarland, et al v. Merck & Company, Inc, et al
**Case Number:**   2:03-cv-247
**Filer:**
**Document Number:**

**Docket Text:**
TEXT ONLY ORDER granting [73] Motion to Stay . No further written order will issue from the Court.
Signed by Judge John M. Roper on October 25, 2005. (Regenold, Sheryal)

The following document(s) are associated with this transaction:

**2:03-cv-247 Notice will be electronically mailed to:**

Walter H. Boone     whboone@fpwk.com, akimbrow@fpwk.com

John Michael Coleman     mcoleman@cctb.com, plawson@cctb.com

Su-Lyn Combs     slcombs@spsalaw.com, slcombs@spsalaw.com

C. York Craig , Jr     ycraig@chldlaw.com, mstricklin@chldlaw.com

Richard M. Edmonson     redmonson@armstrongallen.com,

C. Edward Gibson , IV     cherry@cegibsonlawfirm.com,

Charles E. Gibson , III     cherry@cegibsonlawfirm.com,

Mary Jeanne Gibson     cherry@cegibsonlawfirm.com,

Shelby Duke Goza     hickman@hickmanlaw.com, sarav@hickmanlaw.com

Walter T. Johnson     wjohnson@watkinseager.com

Christy D. Jones     christy.jones@butlersnow.com, ingrid.maddox@butlersnow.com

Douglas Drew Malone     dmalone@armstrongallen.com,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CAROL SNOWBARGER,                    )
                                     )
                Plaintiff,           )
                                     )
        vs.                          )        No. 4:05-CV-1660 (CEJ)
                                     )
MONSANTO COMPANY, et al.,            )
                                     )
                Defendants.          )

### ORDER

This matter is before the Court on the joint motion of defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, to stay this action pending transfer to the Northern District of California, pursuant to 28 U.S.C. § 1407. Plaintiff opposes the motion, contending that the Court must first address whether it has subject matter jurisdiction.[1]

Plaintiff brings a wrongful death action, alleging her husband died as a result of taking the prescription drug Celebrex. On September 6, 2005, the Judicial Panel on Multidistrict Litigation (the Panel) transferred 31 civil actions to the United States District Court for the Northern District of California for pretrial proceedings, pursuant to 28 U.S.C. § 1407. *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, (MDL-1699), --- F. Supp. 2d ---, 2005 WL 2206577 (Jud.Pan.Mult.Lit. Sept. 6, 2005). The Panel noted that more than

---

[1]Plaintiff has filed a motion to remand to the Circuit Court of the City of St. Louis (Twenty-Second Judicial Circuit) from which it was removed. Plaintiff contends that defendant Monsanto Company is a citizen of Missouri and thus removal was improper. 28 U.S.C. § 1441(b) (action removable only if none of the properly joined defendants is a citizen of the state in which the action is brought).

100 potentially related actions were pending in multiple federal districts and would be treated as potential tag-along actions. _Id. at *1 n.1._

The pendency of a motion to remand does not preclude entering a stay in this potential tag-along case if doing so would promote the interests of judicial economy and avoid inconsistent pretrial rulings.    Indeed, prior to the creation of MDL-1699, the Panel suggested to federal district judges with Bextra- or Celebrex-related cases included in the initial MDL applications that staying consideration of pending remand motions "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there." _In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig,_ (letter) (Jud.Pan.Mult.Lit. May 13, 2005).

The Court determines that a stay in this matter will meet the interests of judicial economy and uniformity.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, to stay all proceedings pending transfer to the Northern District of California [#1] is **granted.**

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2005.

- 2 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRANCES D. BANGS,                    )
                                     )
              Plaintiff,             )
                                     )
        vs.                          )        No. 4:05-CV-1604 (CEJ)
                                     )
PHARMACIA CORPORATION, et al.,       )
                                     )
              Defendants.            )

## ORDER

This matter is before the Court on the joint motion of defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, to stay this action pending transfer to the Northern District of California, pursuant to 28 U.S.C. § 1407. Plaintiff opposes the motion, contending that the Court must first address whether it has subject matter jurisdiction.[1]

Plaintiff seeks damages for injuries she alleges she sustained as a result of taking the prescription drug Bextra. On September 6, 2005, the Judicial Panel on Multidistrict Litigation (the Panel) transferred 31 civil actions to the United States District Court for the Northern District of California for pretrial proceedings, pursuant to 28 U.S.C. § 1407. *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, (MDL-1699), --- F. Supp. 2d ---, 2005 WL 2206577 (Jud.Pan.Mult.Lit. Sept. 6, 2005). The Panel noted that more than 100 potentially related actions were

_____

[1]Plaintiff has filed a motion to remand to the Circuit Court of the City of St. Louis (Twenty-Second Judicial Circuit) from which it was removed. Plaintiff contends that defendant Monsanto Company is a citizen of Missouri and thus removal was improper. 28 U.S.C. § 1441(b) (action removable only if none of the properly joined defendants is a citizen of the state in which the action is brought).

pending in multiple federal districts and would be treated as potential tag-along actions. Id. at *1 n.1.

The pendency of a motion to remand does not preclude entering a stay in this potential tag-along case if doing so would promote the interests of judicial economy and avoid inconsistent pretrial rulings. Indeed, prior to the creation of MDL-1699, the Panel suggested to federal district judges with Bextra- or Celebrex-related cases included in the initial MDL applications that staying consideration of pending remand motions "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there." In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig, (letter) (Jud.Pan.Mult.Lit. May 13, 2005).

The Court determines that a stay in this matter will meet the interests of judicial economy and uniformity.

Accordingly,

IT IS HEREBY ORDERED that the motion of defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, to stay all proceedings pending transfer to the Northern District of California [#6] is granted.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2005.

- 2 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES BRUUN,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            )        No. 4:05-CV-1644 CAS
                                  )
MONSANTO COMPANY, et al.,         )
                                  )
        Defendants.               )

## ORDER

**IT IS HEREBY ORDERED** that defendants' motion to stay is **GRANTED.** [Doc. 6]

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2005.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALBERTA COX,                           )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        No. 4:05-CV-1620 CAS
                                       )
PFIZER, INC., et al.,                  )
                                       )
        Defendants.                    )

## ORDER

IT IS HEREBY ORDERED that defendants' motion to stay is GRANTED.  [Doc. 6]

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2005.