A CERTIFIED TRUE COPY

NOV - 9 2006

ATTEST [signature]
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION



FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 14 2006

OCT 24 2006

FILED
CLERK'S OFFICE

DOCKET NOS. 1657
M 05-1699 CRB

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL-1657- IN RE VIOXX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
MDL-1699- IN RE BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

(SEE ATTACHED SCHEDULE)

MDL-1657 CONDITIONAL TRANSFER ORDER (CTO-70)
WITH SEPARATION, REMAND AND
MDL-1699 CONDITIONAL TRANSFER ORDER (CTO-42)

On February 16, 2005, the Panel transferred 138 civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings in MDL-1657 pursuant to 28 U.S.C. § 1407. See 360 F.Supp.2d 1352 (J.P.M.L. 2005). Since that time, 4,677 additional actions have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings in MDL-1699 pursuant to 28 U.S.C. § 1407. See 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 864 additional actions have been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order comprise claims relating to: 1) the prescription drug Vioxx, which involve common questions of fact with the previously transferred MDL-1657 actions; and 2) the prescription drugs Bextra and/or Celebrex, which involve common questions of fact with the previously transferred MDL-1699 actions.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the MDL-1657 transfer order of February 16, 2005, and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

NOV - 9 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
    RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By [signature]
    Deputy Clerk
Date 11/15/06

The claims in each action relating to Bextra and/or Celebrex are hereby separated and simultaneously remanded, under 28 U.S.C. § 1407(a), to their respective transferor courts.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the resulting Bextra/Celebrex actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the MDL-1699 transfer order of September 6, 2005, and, with the consent of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the offices of: 1) the Clerk of the United States District Court for the Eastern District of Louisiana; and 2) the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerks shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

## SCHEDULE CTO-70 - TAG-ALONG ACTIONS
## DOCKET NO. 1657
## IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

## SCHEDULE CTO-42 - TAG-ALONG ACTIONS
## DOCKET NO. 1699
## IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ALABAMA MIDDLE** | |
| ALM  2  06-877 | A.C. Fryer v. Merck & Co., Inc., et al. |
| **ALABAMA SOUTHERN** | |
| ALS  1  06-592 | Brenda Boutwell v. Merck & Co., Inc., et al. |
| **FLORIDA MIDDLE** | |
| FLM  8  06-1809 | Mabel Kujawa v. Merck & Co., Inc., et al. |
| **MISSOURI EASTERN** | |
| ~~MOE  4  06-1434~~ | ~~Marilyn McCandles, et al. v. Merck & Co., Inc., et al.~~   Opposed 11/9/06 |
| **OKLAHOMA WESTERN** | |
| OKW  5  06-1071 | Trixy Strickland v. Merck & Co., Inc., et al. |
| **TEXAS SOUTHERN** | |
| TXS  2  06-432 | Mamie Jean Henry v. Merck & Co., Inc., et al. |
| **TEXAS WESTERN** | |
| TXW  6  06-289 | Vernon Wellborn, et al. v. Merck & Co., Inc., et al. |